IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BNSF Railway Company, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 21-cv-3072** |
| vs. | ) | |
| | ) | |
| The Town of Cicero, Illinois, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE IN OPPOSITION TO MOTION FOR A PROTECTIVE ORDER**

NOW COMES the Defendant, the TOWN OF CICERO, by and through its attorney, Cynthia S. Grandfield, of Del Galdo Law Group, LLC and in response in opposition argues:

The standard for granting a protective order pursuant to Rule 26 that BNSF contends is applicable is "unduly burdensome." But BNSF has not demonstrated what about the Town's discovery requests are "unduly burdensome." In considering whether the discovery meets the proportionality standards, the following factors are considered: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Town presented evidence in its response related to the characteristics of the site, the size of the site, and why the Town increased the fee. Further, the Town does have and did present significant evidence in its response that BNSF has raised

1

its site by 2-3 feet in elevation with fill and then topped that off with paving, which has led to dramatically increased runoff, and has caused flooding of the Town all along 31st Street and Ogden. This further justifies the fee amount. This increased runoff is further causing significant degradation to the Town's system. BNSF likely did this so that its property would not flood and the Town would. When this increased elevation and runoff was referenced at the status hearing on June 23rd, BNSF counsel responded something to the effect that BNSF has adequate detention or drainage. Thus, it seems BNSF is disputing the fact that the modifications it made to its site increased runoff, increased stress on the system, and caused flooding. The Town presumed that BNSF has evidence to back that assertion. Even if BNSF had made no representations about the drainage, this is relevant because it is directly related to the Town's defense – that the fee is not unreasonable or otherwise discriminatory because of the size of the property and characteristics of the property. With respect to the timeframe of ten years, the Town selected this time frame because BNSF is believed to have been adding fill and increasing the amount of pavement over the course of the past couple of years. The Town further limited the requests primarily to sewer and stormwater because that is what is at issue here.

      With respect to the fee itself, BNSF repeatedly asserts that the fee is "exorbitant" in its motion. <u>See</u> Dkt. No. 13, p. 2, 11. However, if BNSF is paying similar fees at similar facilities, that would further refute BNSF's argument that this is an "exorbitant" fee.

BNSF's motion for a protective order reads more like a supplement to their motion for an injunction. Those are BNSF's arguments. That does not mean the Town should not be entitled to make its own arguments and entitled to discovery, although limited in scope, in support of those arguments. Further, the Town should be entitled to limited discovery in relation to BNSF's arguments, as BNSF has the burden of proof as a plaintiff and is seeking an extraordinary remedy.

When BNSF's counsel contacted Town counsel to discuss this, BNSF was unable to offer any detail or specifics as to why this was "unduly burdensome" or why this would be a "burden" at all. The Town indicated that it would be willing to limit the discovery to the extent it was burdensome and indeed identified "proportionality" as the purpose of the call. BNSF counsel did not even appear to have minimally inquired as to what it would take to respond to these requests. There was no information, for example, that BNSF would have to look through thousands of pages, that it would have look in several locations, or that it would need to deploy several manpower hours to respond. There is still not information on this in BNSF's motion.[1] Despite that, as an attempt to resolve differences, Town counsel told BNSF to just respond to the requests in a way that was proportional and identify how they were limiting the requests. Town counsel further advised that she would accept BNSF's representations and then the matter would be resolved. It is difficult to see what else the Town could have done given the lack of

---

[1] There is a reference to one request, requesting information about flooding with no time limitation. The Town intended to also limit that time period to 10 years and will agree to do so.

information as to the "burden" imposed by these requests and how BNSF could still not find a way to produce anything at all.

BNSF filed this motion twenty-four hours later.

In applying the proportionality factors, they favor the Town. With respect to resources, BNSF could not reasonably dispute that it has tremendous resources – six attorneys from three different locations in the U.S. and two Big Law firms have their appearance on file. And BNSF is obviously a large corporation. With respect to burden or expense, BNSF did not provide the Town any information on that so it must be presumed that that is minimal. With respect to the importance of the issues at stake, it is important to the public health, safety, and welfare that a sewer system is able to properly function, and it is in the public interest that BNSF is not permitted to flood other property with impunity. A visual inspection shows increased elevation, runoff, and no detention ponds on BNSF's site that would add drainage. The Town cannot further access information related to drainage that BNSF contends it has.

The Town has responded to document requests in the seven (7) days and has prepared and produced two (2) witnesses for a deposition while at the same time drafting a response and drafting the other items requested by the Court at the status hearing on June 23, 2021. Fundamental fairness should permit the Town limited discovery. If the Court grants this motion, the Town will be denied any discovery in relation to the preliminary injunction motion where BNSF is the plaintiff and bears the burden of proof.

WHEREFORE, the Defendant, the TOWN OF CICERO, respectfully requests that the motion for a protective order be denied and that BNSF be ordered to respond. Alternatively, the TOWN requests that BNSF be barred from presenting evidence that it has adequate drainage on site and that the fees charged are "exorbitant" in relation to other fees BNSF is charged for similar sites.

        Respectfully submitted,
        Defendant TOWN OF CICERO

        By: */s/ Cynthia S. Grandfield*
            Cynthia S. Grandfield

K. Austin Zimmer
Cynthia S. Grandfield (ARDC No. 6277559)
Michael A. Albert
DEL GALDO LAW GROUP, LLC
grandfield@dlglawgroup.com
(312) 222-7000 (t)
*Please direct all mailings to:*
1441 S. Harlem Avenue
Berwyn, Illinois 60402