**UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
Eastern Division**

BNSF Railway Company
                              Plaintiff,

v.                                                      Case No.: 1:21−cv−03072
                                                             Honorable Steven C. Seeger

Town of Cicero, Illinois
                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, July 7, 2021:

      MINUTE entry before the Honorable Steven C. Seeger: Plaintiff BNSF Railway's motion for protective order (Dckt. No. [22]) is hereby granted. On June 23, 2021, this Court authorized the parties to conduct targeted discovery for a limited purpose at this early stage. (Dckt. No. [23]) Specifically, the Court allowed the parties to pursue discovery and gather facts that they need to support their respective positions on the pending motion for a preliminary injunction. During the hearing, and again in the minute order, the Court reminded the parties of the narrow focus of discovery, and emphasized the importance of proportionality. The Town of Cicero later served discovery requests that have no discernible connection to the pending issues. Cicero served document requests and interrogatories about any work performed by BNSF at the railyard in the past 10 years, and any studies by BNSF about water or drainage issues in the past 10 years, and any documents about flooding, and so on. (Dckt. No. 22−1). Cicero also wants to know how much BNSF pays other municipalities for sewer and water service. Id. Those requests aren't relevant or proportional to the needs of the case (at this stage, anyway). Cicero should know why Cicero raised its rates. Internal documents possessed by BNSF don't seem particularly relevant at this early stage because they did not play a role in Cicero's decision−making. And if flooding is the reason why Cicero raised rates, then Cicero should have the documents that support Cicero's decision. The requests give the impression that Cicero made a decision, and is now looking for reasons to back it up after the fact. To be clear, the Court is not denying Cicero "any discovery," as Cicero suggests. (Dckt. No. [29], at 4) This ruling is not about discovery writ large, but rather is about the propriety of the particular requests served by Cicero. And those specific requests do not pass muster under Rule 26 or under this Court's parameters for early discovery. Cicero's discovery requests aren't targeted at all, or at the very least, they're aimed at the wrong target. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was

generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.